UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE PEREZ GARCIA,

                Petitioner(s),

     v.

ICE FIELD OFFICE DIRECTOR,

                Respondent(s).

CASE NO. C26-1536-KKE

ORDER DENYING HABEAS PETITION

Petitioner has been in immigration detention since April 2026 and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in May 2026, requesting either release or a bond hearing. Dkt. No. 1. Petitioner's prior order of expedited removal was reinstated on April 17, 2026, and the Government[1] notified him of an intent to remove him from the United States in June 2026. Dkt. Nos. 7-4, 8.

Because Petitioner is subject to a final order of removal and 8 U.S.C. § 1231(a)(2) authorizes mandatory detention at this time, the Court will deny his habeas petition.

## I.      BACKGROUND

Petitioner is a citizen of Mexico who entered the United States twice in April 1997 and both times voluntarily returned to Mexico after encountering United States Border Patrol. Dkt.

---

[1] This order refers to the Federal Respondent, and other agencies and employees of the United States, collectively and individually as "the Government."

ORDER DENYING HABEAS PETITION - 1

No. 6 ¶ 4. At an unknown point thereafter, Petitioner entered the United States without detection, and was convicted of certain crimes in 2002 and 2004. *Id.* ¶¶ 5–8. Three times during April 2006, Border Patrol encountered Petitioner and each time gave him an expedited removal order to Mexico. *Id.* ¶ 9. At some point thereafter, Petitioner entered the United States without detection. *Id.* ¶ 10.

During a targeted immigration enforcement operation on April 17, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers encountered Petitioner and served him with a notice of intent/decision to reinstate an April 2006 expedited removal order (Dkt. No. 7-1). Dkt. No. 7-4. On that day, ICE detained Petitioner and he remains detained at the Northwest ICE Processing Center ("NWIPC"). Dkt. No. 6 ¶ 11.

Petitioner claimed fear of returning to Mexico when he was arrested, and was referred for a credible fear interview. Dkt. No. 7-2. A United States Citizenship and Immigration Services ("USCIS") officer determined that Petitioner had no credible fear of removal to Mexico. Dkt. No. 6 ¶ 13. Petitioner requested review of that determination by an immigration judge, who affirmed USCIS's finding and returned Petitioner to the Department of Homeland Security for removal.[2] Dkt. No. 7-5.

The habeas petition is now ripe for the Court's consideration, and the Court will deny it for the following reasons.

## II.   DISCUSSION

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the

---

[2] The immigration judge's determination is not administratively appealable. *See* 8 C.F.R. § 1208.31(g)(1).

ORDER DENYING HABEAS PETITION - 2

traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Detention of noncitizens following an order of removal is governed by the INA. "When [a noncitizen] has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the [noncitizen's] removal during a subsequent 90-day statutory 'removal period,' during which time the [noncitizen] normally is held in custody." *Zadvydas*, 533 U.S. at 682. During the 90-day removal period, the Government "shall detain" the noncitizen. 8 U.S.C. § 1231(a)(2)(A). Once the 90-day removal period ends, the Government may continue to detain certain noncitizens. *Id*. § 1231(a)(6). However, the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas*, 533 U.S. at 699.

Here, Petitioner's removal order was reinstated on April 17, 2026, and was immediately final upon reinstatement. Dkt. No. 5 at 5 (citing 8 U.S.C. § 1231(a)(5)). Petitioner therefore remains subject to mandatory detention pursuant to the 90-day removal period set forth in 8 U.S.C. § 1231(a)(1)–(2). A noncitizen "cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed" since the noncitizen's removal order became final. *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 & n.3 (9th Cir. 2004). Because Petitioner has not been detained for 90 days since his removal order became final, he has no colorable claim for release under the Due Process Clause.

Because Petitioner articulates no other basis for the relief he requests, and because the Court has explained why it finds that he has not shown that he is currently "in custody in violation

ORDER DENYING HABEAS PETITION - 3

of the Constitution or laws or treaties of the United States" (28 U.S.C. § 2241), the Court will deny the petition.[3]

### III.    CONCLUSION

Petitioner's habeas petition is DENIED.  Dkt. No. 1.

Dated this 2nd day of June, 2026.

*Kymberly K Evanson*
_____

Kymberly K. Evanson
United States District Judge

---

[3] The Government also argues that the petition should be dismissed for lack of jurisdiction because Petitioner has not named his immediate custodian (the warden of the NWIPC) as a Respondent in this action.  *See* Dkt. No. 5 at 1 n.1. But instead, because the Court must construe the *pro se* petition liberally, the Court finds it appropriate to direct the Clerk to add Bruce Scott, warden of the NWIPC, as a respondent in this action under Federal Rule of Civil Procedure 21.  *See, e.g.*, *Urena v. Warden, Otay Mesa Det. Ctr.*, No. 26-CV-323-JO-DDL, 2026 WL 362082 (S.D. Cal. Feb. 9, 2026).

ORDER DENYING HABEAS PETITION - 4